UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHH MORTGAGE CORPORATION,

Plaintiff,

v.

1:25-CV-1284
(GTS/PJE)

BRIAN D. EVANS; and JOHN DOE #1 THROUGH JOHN DOE #12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

---

APPEARANCES: OF COUNSEL:

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
Counsel for Plaintiff
900 Merchants Concourse, Suite 310
Westbury, NY 11590

SARA Z. BORISKIN, ESQ.
ERIC S. SHEIDLOWER, ESQ.

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this real property foreclosure action filed by PHH Mortgage Corporation ("Plaintiff") against Brian D. Evans ("Defendant") and the John Doe Defendants, is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 13.) For the reasons stated below, the Court denies Plaintiff's motion without prejudice to renewal.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint seeks a judgment of foreclosure related to Defendant Evans' default on a Note and Mortgage securing the relevant property. (Dkt. No. 1.) Specifically, the Complaint alleges the following: (1) on or about June 26, 2006, Defendant Evans executed a note and mortgage on the relevant property in the amount of $280,800.00, and the relevant mortgage was recorded with the Ulster County Clerk on July 25, 2006; (2) that loan was subsequently modified by a Loan Modification Agreement on May 3, 2024; (3) Plaintiff is the owner and holder of the note and mortgage through assignment; (4) Defendant Evans failed to comply with the terms and provisions of the mortgage in that he failed to make the required monthly payment due on June 1, 2024, and that default has not been cured; (5) Plaintiff complied with all contractual conditions precedent and with N.Y. Real Prop. Acts L. ("RPAPL") §§ 1304 and 1306 in bringing this action, as well as with all the provisions of N.Y. Banking L. §§ 595a, and 6-l except where it is exempt from doing so; and (6) the unpaid principle amount due under the note is $387,869.13. (*Id.*)

**B. Plaintiff's Service of the Complaint and Defendants' Failure to Answer**

Plaintiff filed the Complaint on September 12, 2025, and service of that Complaint was effected on Defendant Evans on September 26, 2025. (Dkt. Nos. 1, 7.) As of the date of this Decision and Order, Defendant Evans has not filed an Answer to that Complaint. (*See generally* Docket Sheet.)

**C. Clerk's Office's Entry of Default and Defendants' Non-Appearance**

On November 12, 2025, Plaintiff filed a request for entry of default against Defendant Evans. (Dkt. No. 9.) On November 13, 2025, the Clerk of the Court entered default. (Dkt. No.

10.) As of the date of this Decision and Order, Defendant Evans has not appeared or attempted to cure the entry of default. (*See generally* Docket Sheet.)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare,*

*Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a). The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and

(d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

## III. ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment on this motion, the Court answers that question in the negative for the following reasons.[1]

### A. Liability

In order to prevail on a mortgage foreclosure action under New York law, "a lender must establish the following common law elements: '(1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.'" *Adm'r of U.S. Small Bus. Admin. v. Hofmann*, 25-CV-1568, 2026 WL 2123221, at *3 (N.D.N.Y. July 23, 2026) (Nardacci, J.) (quoting *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 [2d Cir. 2012]). The lender must also establish that it was the holder or assignee of the note at the time the action was commenced. *Hofmann*, 2026 WL 2123221, at *3 (quoting *Blue Castle (Cayman) Ltd. v. Scherer*, 24-CV-0220, 2025 WL 625150, at *3 [N.D.N.Y. Feb. 26, 2025] [Coombe, J.]).

In addition to the above, a plaintiff must also show that it complied with the substantive statutory requirements outlined in Article 13 of the RPAPL and N.Y. C.P.L.R. § 6511:

> (a) the service of statutory notice (entitled, "Help for Homeowners in Foreclosure") by the foreclosing party on the mortgagor with the summons and complaint before the commencement of the foreclosure action (Section 1303)[;], (b) the service of a second statutory notice (entitled, "You May Be At Risk of Foreclosure") by the mortgage loan servicer on the borrower at least 90 days before the commencement of a legal action (Section 1304)[;], (c) the filing of certain information by the lender with the Superintendent of the New York State Department of Financial

[1] The Court notes that, as part of its motion, Plaintiff seeks to dismiss the lawsuit against John Does. The Court grants this unopposed request for the reasons stated therein.

> Services within three (3) days of mailing the second statutory notice (Section 1306)[;] and (d) the filing of a notice of pendency of the action (specifying, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording) by the plaintiff in the clerk's office of each county where the mortgaged property is situated at least twenty (20) days before a final judgment directing a sale is rendered, along with a copy of the complaint unless the complaint has already been filed in that county (Section 1331 and N.Y. C.P.L.R. § 6511).

*West Coast Servicing, Inc. v. Giammichele*, 19-CV-1193, 2022 WL 391424, at *5 (N.D.N.Y. Feb. 9, 2022) (Suddaby, C.J.); *accord U.S. Bank Trust, N.A. v. Valade*, 17-CV-0173, 2020 WL 6196150, at *6 (N.D.N.Y. Oct. 22, 2020) (Suddaby, C.J.).

Courts have further recognized a requirement to comply with Sections 1302(1) and 1320, which require that (a) as to Section 1302(1), "[a]ny complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling … must contain an affirmative allegation that at the time the proceeding is commenced" the plaintiff "is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage," and that it "has complied with all the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, … and section thirteen hundred four of this article for all residential mortgage loans covering a one to four family dwelling; and (b) as to Section 1320, "[i]n an action to foreclose a mortgage on a residential property containing not more than three units, … the summons shall contain a notice in boldface" in the enumerated form which includes the warning "YOU ARE IN DANGER OF LOSING YOUR HOME." *See e.g. Hofmann*, 2026 WL 2123221, at *3; *PHH Mortgage Corp. v. Wilson*, 25-CV-0876, 2026 WL 1694482, at *3 (N.D.N.Y. June 11, 2026) (Coombe, J.); *Avail 1 LLC v. Lemme*, 23-CV-1527, 2026 WL 1470312, at *1 (N.D.N.Y. May 26, 2026) (Sannes, C.J.).

As discussed above in Part I of this Decision and Order, Plaintiff has alleged that it is the owner/assignee of the note and mortgage executed by Defendant Evans related to the relevant property and that Defendant Evans defaulted on his obligations under the note and mortgage. These allegations are sufficient to meet the common law requirements related to the asserted foreclosure action.

Further, the submissions in this case show that Plaintiff has complied with the requirements of Sections 1303, 1304, 1306, 1320, and 1331. (Dkt. No. 1, Attachs. 6, 8, 9; Dkt. No. 7; Dkt. No. 13, Attach. 14.) However, as to Section 1302(1)(b), although Plaintiff has alleged that it "has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law," the relevant section requires a plaintiff to affirmative allege not only that it has complied with those provisions but also with "any rules and regulations promulgated thereunder." (Dkt. No. 1, at ¶ 16.) N.Y. Real Prop. Acts L. § 1302(1)(b). Failure to include the language related to "and any rules and regulations promulgated thereunder" has been found to be a basis for denying a motion for default judgment on a foreclosure action. *See, e.g., PHH Mortgage Corp. v. Woodmansee*, 24-CV-1424, 2026 WL 2491416, at *4 (N.D.N.Y. Aug. 25, 2026) (Sannes, C.J.); *Wilson*, 2026 WL 1694482, at *3; *Deutsche Bank Nat'l Trust Co, as Trustee for GSAA Home Equity Trust 2007-5, Asset Backed Certificates, Series 2007-5 v. Shewtahal*, 24-CV-7892, 2025 WL 2402824, at *4 (E.D.N.Y. Aug. 19, 2025); *Nationstar Mortgage LLC v. Bernstein*, 23-CV-0861, 2025 WL 624949, at *5 (N.D.N.Y. Feb. 26, 2025) (Sannes, C.J.); *Scherer*, 2025 WL 625150, at *4 (N.D.N.Y. Feb. 26, 2025); *Brown v. Amarante*, 23-CV-3514, 2024 WL 4716364, at *10 (S.D.N.Y. Nov. 8, 2024); *Wilmington Savings Fund Society, FSB as Trustee of Aspen Holdings Trust v. Bernash*, 23-CV-0485, 2024 WL 1285431, at

*10 (N.D.N.Y. Mar. 26, 2024) (Nardacci, J.); *Wilmington Savings Fund Society, FSB as trustee of Aspen Holdings Trust v. Fernandez*, 712 F. Supp. 3d 324, 334 (E.D.N.Y. 2024). Because Plaintiff has not shown that it has complied with all of the relevant requirements of Article 13 of the RPAPL, its motion for default judgment must be denied, though that denial is without prejudice to renewal.

**B. Damages**

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 [2d Cir. 1997]). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55[b][2]). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6 (E.D. NY. Sept. 23, 2011).

In this case, the note and mortgage provide that, in the event of a default, Plaintiff has the right to recover unpaid principal and interest as well as costs and expenses incurred in enforcing the note and mortgage, including attorney's fees. (*See* Dkt. No. 1, Attach. 2, at 4 ["If the Note

Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."]; Dkt. No. 1, Attach. 3, at 15 ["In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured."].)

**1. Unpaid Principal and Interest on the Mortgage and Note**

Plaintiff seeks the following related to sums due pursuant to the mortgage and note: (a) $368,469.13 in unpaid principal; (b) a deferred principal balance of $19,400.00; (c) $37,844.89 in accrued interest from May 1, 2024 to October 1, 2025 (calculated at an annual rate of 7.25% or $73.19 per diem); (d) $15,148.00 in escrow advance; (e) $141.39 in late charges; and (f) costs for property inspection in the amount of $135.00, for property valuation in the amount of $85.00, and for title search expenses in the among to $417.50. (Dkt. No. 13, Attach. 2, at 3-4.) This results in a total of $441,640.91 through the date of October 1, 2025.

In support of these amounts, Plaintiff has submitted a declaration from Juliana Thurab, a contract management coordinator for PHH Mortgage Corporation, as well as business records documenting payments, principal, interest, charges, and escrow management, and loan modification documents. (Dkt. No. 13, Attach. 5; Dkt. No. 13, Attach. 21.) The Court finds the relevant damages related to the note and mortgage to have been established with sufficiently reasonable certainty.

**2. Attorney's Fees**

Plaintiff seeks a flat fee of $6,800.00 for attorney's fees. In a declaration, Plaintiff's attorney states that the amount of time spent on this matter is approximately 25.5 hours. (Dkt. No. 13, Attach. 20.) Because these amounts are documented by time records and are reasonable for work performed by an attorney with the experience outlined in the declaration, the Court finds that these damages have been established with sufficiently reasonable certainty.

**3. Costs and Disbursements**

Plaintiff seeks costs in the amount of $575.00, consisting of (a) $405.00 for the filing fee for this action, (b) $35.00 for the filing fee for the Notice of Pendency, and (c) $135.00 for service of process. (Dkt. No. 13, Attach. 18.) All of these costs are supported by a Bill of Costs signed by Plaintiff's attorney as well as submitted invoices or other documentation. (*Id.*) As a result, the Court finds that these damages have been established with sufficiently reasonable certainty.

**C. Conclusion**

Because the Court finds Plaintiff has failed to comply with all the requirements of Article 13 of the RPAPL, specifically with Section 1302(1)(b), it must deny Plaintiff's motion for default judgment. However, because this deficiency is presumably correctable, that denial is without prejudice to renewal of the motion upon amendment of the Complaint to include allegations sufficient to show compliance with that statute.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 13) is **DENIED without prejudice**; and it is further.

**ORDERED** that, to the extent Plaintiff seeks to renew its motion for default judgment, it must file a renewed motion and amended complaint within **THIRTY (30) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that the Clerk of Court terminate the John Doe Defendants.

Date: September 25, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge